Whether the sale by the plaintiff to the defendant's intestate was conditional or whether it was absolute, and time given to pay the purchase money, was properly left to the jury. As to the second question, relating to the sale of (308) the horse, which is relied on as a conversion: if the horse had been purchased by a third person, and the money paid to the defendant, or if the money had not been paid, it would have amounted to a conversion, as it would have been an exercise of ownership over him. As to this question, the fact that the defendant became the purchaser can make no difference; he thereby evinced his intention to become the owner.
It is said in Bacon's Abridg. (Trover B.) that every disposition of property as a man's own is a conversion. If one dispose of another's property for the benefit of a third person, this is a conversion. If a person intrusted with another's goods places them in the hands of a third person, contrary to orders, it is a conversion. Syds v. Hay, 4 Term, 260. Every unlawful intermeddling with the goods of another, and exercising acts *Page 195 
of ownership over them, is a conversion. I therefore think the rule for a new trial should be made absolute.